KING, P.J., for the Court:
¶ 1. In the Circuit Court of Itawamba County, Rickey Dewayne Fikes was indicted upon two counts, the first being possession of cocaine with intent to sell and the second being conspiracy to sell cocaine. On January 28, 1998, he was convicted on both counts and sentenced as an habitual offender pursuant to Miss.Code Ann. § 99-19-81 (Rev.1994) to terms of thirty years on count one and twenty years respectively to run concurrently. He appeals asserting five errors: three of which go to the trial court’s denial of his motion for continuance, the fourth of which asserts the trial court should not have granted his appointed attorney’s motion that the attorney’s partner be substituted as counsel, and the last of which asserts that even if none of the foregoing asserted errors mandates reversal in itself, the cumulation of errors deprived him of due process of law.
FACTS
¶2. Fikes, a self-employed automobile mechanic, and Antonio Ashby were putting a new engine in Ashby’s automobile. Several officials of the Itawamba Sheriffs Department came to the site where the car was located to arrest Ashby on a prior narcotics charge. This site was apparently on or adjacent to a dwelling occupied by some of Ashby’s family members. Ashby testified that he and Fikes were sitting in his car smoking cocaine when he saw the Sheriffs Department personnel approach. He took his packet of cocaine, leaving Fikes and Fikes’ cocaine in the car, and fled. Fikes remained inside the car and did not flee. The police arrested both men.
¶ 3. The Sheriffs Department personnel recovered a packet containing cocaine from the ground; Ashby testified he accidentally dropped the packet while running away. They also recovered more cocaine as well as paraphernalia from inside Ashby’s car. No fingerprints were taken from any of this evidence. No cocaine was found directly on Fikes’ person.
¶ 4. The State contended that Fikes was selling cocaine with Ashby. Fikes contended that he was smoking cocaine with Ashby as they worked on the automobile. Fikes also suggested that the cocaine belonged to Ashby, who was sharing it with him, and any selling of cocaine which took place was done by Ashby, as Fikes was just fixing the automobile. During cross-examination of Ashby, Fikes’ attorney contended that while Ashby was in jail, he told Fikes as well as other prisoners that the cocaine had belonged to him and not Fikes.
¶ 5. The only evidence contradicting Fikes’ theory was Ashby’s testimony. Ashby testified that he and Fikes each contributed seventy-five dollars to purchase cocaine with the intent of smoking some of it and selling the remainder'to make enough money to purchase more cocaine. The prosecutor stated in opening arguments that Ashby’s charges “have been taken care of through pleas.” However, apparently no document or other record of this plea bargain was prepared as none was disclosed by the State. Ashby testified that he had plead guilty not only to the charges in Itawamba County but also to another charge in Lee County. Ashby denied that his testimony was given in return for sentencing considerations yet to come, but agreed that he was testifying because he was “a good citizen.” Fikes’ attorney specifically asked:
Q: You do realize, Mr. Ashby, that in front of this court and this jury, you have confessed to, if I’m so bold to say so, three counts of selling cocaine and at least two of conspiracy; is that correct?
A: Yes, Sir.
*1109 Q: And you’re just doing that to make yourself feel good or to do a favor for the city?
A: No, Sir.
Q: Are you getting a better deal if you do that?
A: No, Sir.
Q: How about the retired to file; what does that mean?
A: I really don’t know how you go about that retired to the file stuff.
Q: Are you gonna serve any time as a result of your Lee County charges?
A: I’ll just have to see whenever I go to court.
DISCUSSION
1. DISCOVERY VIOLATION
¶ 6. On the morning of the trial, Fikes’ attorney moved for a continuance, arguing that the State failed to comply with discovery. Fikes’ attorney contended that the first time he was given notice that Ashby’s testimony would touch on events occurring prior to the day of the arrest was when the State orally communicated this to him on the day before the trial. The trial court denied the motion, and Fikes contends the denial was in error. The importance of this is that the State contended — and Ashby testified — Fikes and Ashby purchased the cocaine with the intent to sell it one day prior to the arrest.
¶ 7. However, the State contended that it had complied with discovery by furnishing the names of witnesses and records of any statements. The record establishes that the defense was furnished copies of two statements of Sheriffs Department personnel that reflected an interrogation of Ashby, which took place eight months prior to trial, in which he implicated Fikes as sharing the expense of purchasing the cocaine and taking part in cutting it into smaller pieces. One of these statements indicates that Ashby said he and Fikes had “just” returned from Amory, Mississippi where they had purchased cocaine from a person known to be a drug dealer and were cutting the cocaine into smaller pieces when they were arrested. The second statement does not include the word “just” but merely indicates that Ashby said he and Fikes had previously purchased the cocaine, and were cutting it when they were arrested. While the record does not reflect the exact date on which these two statements were disclosed, there is no suggestion that the State was tardy in providing copies of the two written statements. Therefore, the question is whether the provision of these two statements fulfilled the State’s discovery obligation.
¶ 8. Pursuant to Uniform Circuit and County Court Rule 9.04(A)(1) reciprocal discovery requires the disclosure of:
Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial together with a copy of the content of any statement written, recorded or otherwise preserved of each such witness and the substance of any oral statement made by any such witness. (emphasis added).[1]
¶ 9. As such, the State had a duty to inform Fikes that Ashby was a likely witness, that Ashby had implicated him in an oral statement, and the substance of that statement. Reviewing the record, it appears the State did just that. The State disclosed that Ashby was a likely witness and provided copies of the two statements of Sheriffs Department personnel. While one of the statements indicated that Ashby and Fikes had “just” returned from purchasing the cocaine when they were arrested, both statements provided the defense with knowledge that the State could put forth testimony tending to show that Ashby shared possession of the cocaine and took part in cutting it into smaller pieces which was an action that could infer an intent to sell it.
*1110 ¶ 10. The purpose of discovery is to prevent trial by ambush. Fuselier v. State, 468 So.2d 45, 56 (Miss.1985). However,- discovery only requires the State provide the substance of an oral statement. Uniform Circuit and County Court Rule 9.04(A)(1). See also Kolberg v. State, 704 So.2d 1307, 1317 (Miss.1997); West v. State, 553 So.2d 8, 16 (Miss.1989). The State may not attempt subterfuge to hide discoverable material, but neither is the State obligated to perform the defense’s investigation of the case. See, e.g., Harrison v. State, 635 So.2d 894, 899 (Miss.1994). In this case, there is no indication that the State attempted to surprise the defense with Ashby’s testimony. Rather, it disclosed the substance of Ashby’s oral statement so that the defense had the opportunity to prepare to meet Ashby’s testimony. There is no error.
2. FAILURE TO SERVE SUBPOENAS
¶ 11. Fikes requested a continuance because subpoenas had issued but not been served on several witnesses. The motion was denied, and Fikes asserts this denial was in error. The reason they had not been served was that Fikes had waited until two days, and in some instances one day, before the trial to give a list of witnesses to his attorney. Fikes stated he had not given his attorney the list because: 1) the attorney had not come to see him at the jail and 2) the attorney had told him the case would not go to trial. The trial court found Fikes had not provided his attorney with the witness list. Exactly why this occurred in not ascertainable from the record, but it does not appear that Fikes’ attorney neglected to ascertain the facts of the case, as he filed motions for discovery, to suppress Fikes’ prior criminal history and to suppress evidence.
¶ 12. Motions for a continuance are addressed to a trial court’s discretion, and they must set out what evidence is expected to be provided by non-available witnesses as well as the diligent efforts the moving party has exerted to secure the witnesses’ presence. Miss.Code Ann. § 99-15-29 (Rev.1994). Where there has not been a discovery violation by the State and where a defendant has been less than diligent in serving subpoenas, the supreme court has found no error in denying a motion for a continuance. Atterberry v. State, 667 So.2d 622, 631 (Miss.1995). See also Johnson v. State, 631 So.2d 185, 189-90 (Miss.1994).
¶ 13. In this case, Fikes failed to set forth the expected testimony of the witnesses, and failed to utilize diligence in securing the witnesses’ attendance. Under these facts, the trial court did not abuse its discretion in denying the motion for a continuance. There was no error.
3 and 4. MOTION FOR A CONTINUANCE SO AS TO ALLOW FIKES TO SECURE NEW COUNSEL AND IN THE ALTERNATIVE MOTION TO SUBSTITUTE COUNSEL
¶ 14. Fikes combines his third and fourth assertions of error. He argues that the trial court erred in denying his motion for a continuance to secure new counsel after he stated to the trial court facts showing that his attorney failed to prepare an adequate defense. Alternatively, he argues that if his attorney had in fact prepared an adequate defense, it was error for the court to grant that attorney’s motion to substitute his law partner as appointed counsel.
¶ 15. Melvin C. Ellis, III was originally appointed as Fikes’ counsel. He handled discovery and other pretrial matters. He also obtained a continuance due to scheduling conflicts in October of 1997. On January 25, 1998, Ellis prepared a motion to substitute one of his partners, James L. Nichols, because Ellis again had a scheduling conflict on January 28, 1998 which was the date set for trial. On January 26, 1998, Ellis represented Fikes in a hearing on his motion to suppress cocaine and paraphernalia seized from the vehicle Fikes was in when he was arrested. On *1111 January 27, 1998, the motion to substitute counsel was filed, and on January 28, 1998, Nichols appeared with Fikes in court, and prior to the trial’s commencement, the trial court granted the motion to substitute Nichols for Ellis.
¶ 16. A motion for a continuance is addressed to a trial court’s discretion. Miss.Code Ann. § 99-15-29 (Rev.1994). Generally, when a defendant requests a continuance on the day of trial to substitute new counsel, a trial court does not err in denying the motion. Byrd v. State, 522 So.2d 756, 758 (Miss.1988). The supreme court did find a trial court erroneously denied a motion for a continuance to substitute council in Lambert v. State, 654 So.2d 17, 21-22 (Miss.1995). However, underlying that decision was the fact that the State failed to provide discovery and thereby prevented counsel from preparing a defense. Id. at 22. As previously discussed, no discovery violation is present in this case. Rather, the record reflects that one defense motion for a continuance had been granted, and the case was carried over to a subsequent term of court. Moreover, the reason Fikes contends he should have been provided with different counsel is that the attorney who represented him at trial failed to have subpoenas served. However, as the trial court ascertained when hearing his motion prior to the trial, Fikes failed to provide his original attorney with a witness list. Under these facts, the trial court did not abuse its discretion in denying the motion for a continuance.
¶ 17. Alternatively, Fikes contends the trial court should not have granted the appointed defense counsel’s motion to substitute his partner as counsel. Fikes’ basis for this contention is that the substituted attorney, Nichols, was not prepared to defend him. Fikes argues that Nichols did not have time to conduct an independent investigation of the case. Fikes also argues that his first attorney, Ellis, was better prepared because he questioned several witnesses for the State during the suppression hearing two days prior to trial, and this experience “presumably would have helped him in preparation of the defense of this case.”
¶ 18. When adequacy of representation is questioned, an appellate court cannot presume a defendant was prejudiced. To the contrary, there is a “strong presumption” that counsel performed with competence, and the appellant must show “but for” counsel’s errors the result would likely have been so different as to render the entire trial proceedings unreliable. Mohr v. State, 584 So.2d 426, 430 (Miss.1991)(citing) Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this case, the finding that Fikes was guilty of conspiring to possess as well as sell cocaine was supported by the testimony of Ashby. Additionally, testimony of the Sheriffs Department personnel corroborated portions of Ashby’s testimony. As such, the result in this case is not so unreliable that it should be set aside. There was no error in the trial court granting the motion to substitute counsel.
¶ 19. Additionally, Fikes’ final assertion of error urges that the cumulation of errors requires his conviction be set aside. Having found no error occurred, there is no merit to this final argument. In conclusion, no asserted error has merit, and the case is affirmed.
¶ 20. THE JUDGMENT OF THE ITA-WAMBA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I OF POSSESSION OF COCAINE SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO SELL, TRANSFER OR DISTRIBUTE AND SENTENCE OF THIRTY (30) YEARS AS AN HABITUAL OFFENDER AND FINE OF $5,000 WITH $1,000 SUSPENDED; COUNT II CONSPIRACY TO SELL, TRANSFER OR DISTRIBUTE COCAINE (HABITUAL OFFENDER) AND SENTENCE OF TWENTY (20) YEARS, SENTENCE TO RUN CONCURRENT TO THAT FOR COUNT I, IN THE CUSTODY OF THE *1112 MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.

. See also Hansen v. Mississippi, 592 So.2d 114, 139 (Miss.199 l)(discussing the precursor to the present discovery rule, Rule 4.06 Miss.Crim.R.Cir.Ct.Prac.).