486 So.2d 367 (1986)
Frank Talbert MALONE
v.
STATE of Mississippi.
No. 56053.
Supreme Court of Mississippi.
March 12, 1986.
Joseph A. Runnels, Jr., Jayne L. Buttross, Gulfport, for appellant.
Edwin L. Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ROBERTSON, Justice, for the Court:
We have heretofore affirmed Frank Talbert Malone's conviction of armed robbery and sentence of eleven years imprisonment. Malone v. State, 486 So.2d 360 (Miss. 1986) (Malone I) (not yet reported). The case is now before the Court on Malone's application *368 for post-conviction relief. Miss. Code Ann. §§ 99-39-1, et seq. (Supp. 1985); see Sanders v. State, 439 So.2d 1271, 1276 (Miss. 1983).
Malone's specific complaint is that there was a formal plea bargain agreement between the prosecution and its star witness, Marilyn Page, which was not disclosed to him prior to trial.[1] The substance of the alleged agreement was that, in exchange for testifying as a State's witness, Page would be given the most lenient lawful sentence for the crime of armed robbery: three years imprisonment. Malone claims that withholding of the plea agreement inhibited his counsel in his effort to cross-examine Page and abridged his due process rights.
Nondisclosure of the prosecution's plea agreement with a codefendant under circumstances where the terms of that agreement might reasonably touch upon the codefendant's credibility or otherwise undermine confidence in the outcome of the trial may vitiate a criminal conviction and require a new trial. United States v. Bagley, 473 U.S. ___, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); Fuselier v. State, 468 So.2d 45, 50-51 (Miss. 1985); Barnes v. State, 460 So.2d 126, 131 (Miss. 1984); King v. State, 363 So.2d 269, 274 (Miss. 1978). This rule emanates from the familiar case of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Impeachment evidence as well as exculpatory material area within its scope. United States v. Bagley, 473 U.S. at ___, 105 S.Ct. at 3380-81, 87 L.Ed.2d at 490. Failure to produce Brady material does not depend upon the good faith or bad faith of the prosecution, Brady v. Maryland, 373 U.S. at 87, 83 S.Ct. at 1196-97, 10 L.Ed.2d at 218, nor upon the specificity of the defense request. United States v. Agurs, 427 U.S. 97, 110, 96 S.Ct. 2392, 2400-01, 49 L.Ed.2d 342 (1976).
The question before us is how these rules apply to the factual and procedural context of this case. We begin with the fact that Malone made no specific pretrial discovery request in discovery for plea agreements with Marilyn Page. He made only a general request for exculpatory material. When Page was put on the witness stand, however, she was asked the following sequence of questions:
DIRECT EXAMINATION OF WITNESS, MARILYN PAGE, RECORD AT 300:
BY MR. NECAISE: now, Marilyn, has anybody promised you any reward or lenience or favoritism for your testimony here?
A. No, sir.
Q. No one has made you any promises?
A. No, sir.
Q. Do you know what is going to happen to you?
A. Yes, sir.
Q. What?
A. I'm going to Parchman.
BY MR. HAAS: Your Honor, we object to that. She don't know what's going to happen to her.
BY MR. NECAISE: She knows that much; she's got to go.
BY THE COURT: Overruled.
CROSS EXAMINATION OF MARILYN PAGE, RECORD AT 316:
BY MR. HAAS: Marilyn, what type of arrangement have you had with the District Attorney's office regarding your testimony here?
A. None, sir.
Q. You haven't been tried yet?
A. No, sir.
Q. Have you been told that you will be tried?
A. Yes, Sir, I will.
Q. When?
A. Whenever the Judge sets the trial.
Q. Hasn't been set yet?

*369 A. I don't know, Sir.
Malone asserts that Page was lying when she denied a plea bargain agreement and that, in the face of her testimony above, the defense could have substantially impeached her credibility had it known of the true facts. That Page may have been promised a lenient sentence may rationally be said to suggest that she had a decided self-interest in testifying favorably for the State.
Malone supports his application by a copy of the circuit court's order, entered not twenty-four hours after Malone's conviction, accepting Page's plea and sentencing her to three years in the custody of the Mississippi Department of Corrections. Three years imprisonment is the most lenient lawful sentence for armed robbery. Miss. Code Ann. § 97-3-79 (Supp. 1985). Malone's application is further supported by an affidavit of James G. Tucker, III, attorney for Robert Stewart, one of Malone's and Page's co-defendants. Tucker there states that prior to trial the prosecution had an agreement with Page that she would receive only the three year sentence if she would testify against the others.
Malone's papers make out an adequate prima facie showing that there was an advance plea agreement between the prosecution and Page.[2] If there was such an agreement, Malone was entitled to know of it. United States v. Bagley; Giglio v. United States. His general discovery request for exculpatory material was more than adequate to impose upon the prosecution the duty of disclosure.
Page was the most prominent witness offered by the State. Without her testimony conviction would have been doubtful. That she may have been, in advance of trial, promised the most lenient sentence allowable by law is certainly a fact that might logically be said to affect her credibility  particularly where her testimony would have to be given before the prosecution performed its side of the alleged bargain. In the face of her denials at trial of the existence of any plea bargain, such an agreement would have been a potent impeachment weapon. It would have been "evidence favorable to an accused", Brady, 373 U.S. at 87, 83 S.Ct. at 1196, 10 L.Ed.2d at 218; Bagley, 473 U.S. at ___, 105 S.Ct. at 3380, 87 L.Ed.2d at 490. More to the point it may afford a basis for post-conviction relief. Miss. Code Ann. § 99-39-5(1)(a), (e) and (i) (Supp. 1985).
Malone having made the requisite prima facie showing here, Miss. Code Ann. § 99-33-9 (Supp. 1985), we remand to the circuit court for an evidentiary hearing on the question of whether such a plea bargain existed prior to Malone's trial.
Assuming (without in any way directing) an affirmative answer on that inquiry, the circuit court should then determine whether the plea bargain said to have existed "is [if it did exist] material in the sense that its suppression undermines confidence in the outcome of the trial". United States v. Bagley, 473 U.S. at ___, 105 S.Ct. at 3375, 87 L.Ed.2d at 481. If the circuit court answers this question in the affirmative, Malone's conviction must be vacated and the case restored to the docket of the trial court for a new trial. Otherwise, Malone's application should be denied.
MOTION FOR POST-CONVICTION RELIEF GRANTED TO EXTENT THAT CASE IS REMANDED TO CIRCUIT COURT FOR EVIDENTIARY HEARING CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
DAN M. LEE, J., concurs in result only.
NOTES
[1] Reference is made to the opinion of the Court in Malone I for the factual setting and context of Malone's present application.
[2] In response the State has filed the affidavit of William M. Frisbie, attorney, who represented Page at trial, and the affidavit of John C. Johnson, who was then Assistant District Attorney, both are consistent with the in-court testimony of his client. The State's response misses the point. The Frisbie affidavit merely suggests that there is a fact issue to be determined. We do not sit to resolve such factual inquiries. The trial judges who do generally resort to live witnesses, not affidavits, at least where as here more than a threshhold showing has been made.