¶ 1. Dierra Gaines pled guilty to the unlawful sale of a controlled substance. Less than four months later, he sought relief under the Uniform Post-Conviction Collateral Relief Act. Gaines argues that his guilty plea was involuntary and the product of coercion, and that there was an insufficient factual basis to support his guilt. The Claiborne County Circuit Court denied the relief. We affirm.
 FACTS
¶ 2. Gaines was indicted on one count of unlawful sale of a controlled substance. The indictment alleged that on March 22, 1996, Gaines, along with Andre Dotson, did "willfully, unlawfully, feloniously, and knowingly sell cocaine" to a confidential informant. Gaines pled guilty and judgment was entered on October 7, 1996. Gaines was sentenced to serve ten years in the custody of the Mississippi Department of Corrections.
¶ 3. On January 24, 1997, Gaines filed a document entitled "Petition for Writ of Habeas Corpus," alleging that his guilty plea was involuntary and that there was insufficient evidence to support a finding that he was guilty of the crime charged. The circuit court entered an order denying Gaines's motion on September 23, 1997. It is this denial from which Gaines appeals.
 DISCUSSION
¶ 4. Post trial petitions in the nature of habeas corpus are considered under the Uniform Post-Conviction Collateral Relief Act. Moore v. State, 587 So.2d 1193, 1195 (Miss. 1991). In reviewing a trial court's decision to deny a petition for such relief, this Court will not reverse absent clear error. State v.Tokman, 564 So.2d 1339, 1341 (Miss. 1990).
I. Voluntariness of guilty plea
¶ 5. Gaines contends that his guilty plea was obtained as the result of the State's failure to disclose the existence of a plea agreement entered with his co-indictee, Andre Dotson. Gaines relies upon Brady v. Maryland, 373 U.S. 83 (1963), and Malone v.State, 486 So.2d 367 (Miss. 1986).
¶ 6. Brady stands for the proposition that the prosecution has a duty to turn over to the defendant all exculpatory material. Relying on a page of transcript from Dotson's sentencing hearing, Gaines claims that Dotson admitted that it was he — not Gaines — who physically transferred the cocaine to the informant. However, the fact that Gaines did not physically possess the cocaine is irrelevant. One may be guilty of the crime of sale of cocaine without physical possession. Turner v. State, 573 So.2d 1340, 1342 (Miss. 1990). As we discuss in detail below, there is sufficient evidence in this record that Gaines was guilty of the crime at least as an aider and abettor.
¶ 7. Gaines's other authority is similarly inapplicable. In that precedent, a defendant *Page 435 
submitted a discovery request for "all exculpatory material."Malone, 486 So.2d at 369. The State may have entered into an undisclosed plea bargain agreement with Malone's co-defendant who testified against him. Malone's counsel did not have information regarding possible benefits given the co-indictee to use as impeachment. The court held that "[n]ondisclosure of the prosecution's plea agreement with a codefendant under circumstances where the terms of that agreement might reasonably touch upon the codefendant's credibility or otherwise undermine confidence in the outcome of the trial may vitiate a criminal conviction and require a new trial." Id. at 368.
¶ 8. In this case, the entry of the guilty plea removed the need to convince any fact-finder of the credibility of a witness. "A guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine theprosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989) (emphasis added).
¶ 9. As another ground for finding his guilty plea involuntary, Gaines argues that his attorney coerced him into pleading guilty. He states that his attorney advised him as to the possible length of his sentence in light of his previous conviction. Further, his attorney informed him that the State intended to use the testimony of his co-indictee, Andre Dotson. Far from showing coercion, Gaines's assertions prove that he was given reasonable legal advice.
¶ 10. There is no basis to find that the plea was involuntary.
II. Factual basis for guilty plea
¶ 11. Gaines also argues that there was no factual basis received by the trial court prior to accepting his plea. A factual basis is an "essential part of the constitutionally valid and enforceable decision to plead guilty." Reynolds v. State, 521 So.2d 914, 915 (Miss. 1988). It is not enough to imply the necessary facts from the willingness of a defendant to enter a plea of guilty. There has to be a sufficient evidentiary foundation to allow the trial court to determine that the defendant's conduct violated the relevant statute. Lott v. State, 597 So.2d 627, 628 (Miss. 1992). Without the factual basis, the plea should not be accepted. See
URCCC 8.04 A. 3.
¶ 12. Gaines specifically claims that there was no evidence that he possessed or transferred the cocaine to the confidential informant. Attached to his brief is one page of the transcript from his own sentencing hearing, as well as one page from Dotson's. Although these are not properly before the court, Gaines may not object to our use of them since they are attached to his own papers. The transcript reveals that the district attorney explained to Gaines the evidence against him, stating that "[t]he State would call [the confidential informant] who would testify that he went to the residence of Derrick Gaines . . . that Andre Dotson and Derrick Gaines left the residence of Derrick Gaines and returned shortly thereafter, and they went inside his home, and at that time this transaction took place." At that first encounter, the district attorney related that Gaines said that he did not have any cocaine. The remaining pages of the plea colloquy are not provided. Presumably Gaines agreed with the district attorney's account of the events, as the plea was accepted.
¶ 13. The second page of transcript is from Dotson's sentencing hearing. The judge asked Dotson "[y]ou did sell cocaine then and got money for it; is that right?" to which Dotson responded affirmatively. According to Gaines, this admission exculpates him, as it reveals that it was Dotson who physically possessed and transferred the cocaine to the confidential informant.
¶ 14. The final item is in the record, the petition to enter a plea that Gaines completed and signed. In his own handwriting, *Page 436 
Gaines wrote in the plea petition that he received cocaine and along with Andre Dotson sold it to the informant.
¶ 15. Apparently, Gaines is unfamiliar with the concept of accomplice liability. The supreme court has held that it was unnecessary for the prosecution to prove that an accused exercised control over the cocaine or that he personally profited from its sale where there was legally sufficient evidence to show that he aided and abetted in the sale. Turner v. State,573 So.2d 1340, 1342 (Miss. 1990).
¶ 16. We find a sufficient factual basis to support the entry of the guilty plea.
¶ 17. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT DENYINGPOST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARETAXED TO CLAIBORNE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE,PAYNE, AND THOMAS, JJ., CONCUR.