910 So.2d 674 (2005)
Robert FULLER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01740-COA.
Court of Appeals of Mississippi.
March 8, 2005.
*676 Raymond M. Baum, Winona, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. An Attala County jury convicted Robert Fuller of sale of cocaine. The court sentenced Fuller to serve twelve years in the custody of the Mississippi Department of Corrections, to pay court costs and a $5,000 fine, and to undergo drug and alcohol treatment. Fuller appeals, and argues that the trial court erred by denying his motion for a continuance, by excluding evidence of a witness's criminal history, and by denying his motion for a new trial on the ground that the verdict was against the overwhelming weight of the evidence.
¶ 2. Finding no error, we affirm.

*677 FACTS
¶ 3. On December 20, 2001, Agents Charles Harris, Adrian Armon, and Jeff Overstreet, of the Mississippi Bureau of Narcotics, met informant Connie Young at an airport near Kosciusko in Attala County. Young was to attempt to purchase cocaine from Robert Fuller. After searching Young's person and her vehicle, Harris installed an audio transmitter on her body and a pinhole video camera facing the driver's seat above the back seat of her car. He gave her an evidence bag and $40 in official state funds. With the agents following her, Young drove from the airport, stopped for gasoline, and proceeded to a residence in Kosciusko known as "The Hole."
¶ 4. A videotape introduced at the trial showed that Young parked in the driveway and waved. A man approached the driver's side of her car. Young told the man, "I need a forty." The man said, "Alright" and took the money she handed him. He went inside the house, returned, and gave Young an item. After a brief conversation, Young drove away. She placed the item the man had given her into the evidence bag.
¶ 5. Harris testified that he and the other agents met Young back at the airport. Young gave Harris the evidence bag. He field tested the contents and they tested positive for cocaine. Harris sealed the bag, had Young initial and date it, and placed it into a briefcase in his car. Then, he searched Young's car and person. Later, Harris delivered the package to the crime lab in Jackson. Testing at the lab revealed the substance to be .1 gram of cocaine. At the trial, Harris identified the man's voice he heard over the audio transmitter as that of Fuller. Young identified Fuller as the person who had sold her cocaine and stated that she had known him for three to four years prior to December 2001. The jury convicted Fuller.

LAW AND ANALYSIS

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT A CONTINUANCE BASED ON INFORMATION PROVIDED THE DEFENDANT ON THE DAY OF THE TRIAL PURSUANT TO DISCOVERY REQUESTS?
¶ 6. The trial occurred on March 19, 2003. On the morning of the trial, the State provided Fuller with an NCIC report on Young showing her Pennsylvania arrests on May 24, 1988 on charges of theft by deception, receiving stolen property, forgery, and two counts of access device fraud, and her Pennsylvania arrest on March 11, 1993 for prostitution. The State moved in limine to exclude the evidence of Young's arrests based on Mississippi Rule of Evidence 609, which governs admissibility of a witness's prior convictions. The State argued that, because the NCIC report revealed only that Young had been charged, not convicted, the information in the report would not be admissible for impeachment purposes as provided in Rule 609. Rule 609 states, in pertinent part:
Impeachment By Evidence of Conviction of Crime
(a) General Rule. For the purpose of attacking the credibility of a witness, (1) evidence that (A) a nonparty witness has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, . . . and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.
(b) Time Limit. Evidence of a conviction under this rule is not admissible if a *678 period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by the specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old is not admissible unless the proponent gives to the adverse party sufficient advance notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.
¶ 7. Fuller moved for a continuance to allow him time to investigate whether Young's arrests had resulted in convictions that could be used for impeachment purposes. He argued that he was entitled to a continuance because the State had committed a discovery violation by not timely disclosing the NCIC report. Fuller also complained that the State had told him the day before that Young had a "clean" criminal record. The State maintained that it had only come into possession of the NCIC report that morning and previously had been informed that Young had a clean record.
¶ 8. The trial court reserved ruling on the State's motion in limine until Young could be questioned about whether or not her Pennsylvania arrests had resulted in convictions. The court held that the State had not committed a discovery violation by failing to previously disclose the NCIC report because a witness's criminal history is not required discovery under Uniform Rule of Circuit and County Court Procedure 9.04. The court denied Fuller's motion for a continuance because there had been no discovery violation.
¶ 9. Later, Fuller and the State examined Young outside the presence of the jury. Young stated that, to the best of her knowledge, the charges brought against her in Pennsylvania had not resulted in convictions and that she had been told by a judge she could have the charges expunged from her record. Upon further questioning, she admitted that she could not say conclusively whether the 1988 charges had resulted in any convictions. She said that the prostitution charge had been dropped. She said that she had never been charged with any crime in any other state. The trial court held that there was no proof the charges had resulted in convictions and excluded the charges from evidence pursuant to Mississippi Rule of Evidence 609. Alternatively, the court held that, even assuming the charges had resulted in convictions, they would be inadmissible under Rule 609(b) because they were over ten years old and Fuller had failed to prove that the probative value of the convictions substantially outweighed their prejudicial effect. Fuller renewed his motion for a continuance.
¶ 10. The decision to grant or deny a continuance is left to the sound discretion of the trial court. Johnson v. State, 631 So.2d 185, 189 (Miss.1994). This Court will not reverse the lower court's denial of a continuance unless it appears that the denial resulted in manifest injustice. Id. The trial court correctly held that the State had not violated the discovery rules by failing to disclose the NCIC report until the day of the trial because the State was not required to discover the report at all under URCCC 9.04, which lists the State's required discovery. And, the NCIC report was outside the scope of Fuller's discovery requests, which requested only information on prior convictions of the State's witnesses, not prior charges. But, the State's assuring Fuller that its *679 key witness enjoyed a clean criminal record, only to present a report to the contrary on the day of the trial, is troubling to this Court. Faced with these facts, we believe a better decision by the trial judge would have been to grant a continuance. However, Young's past use of crack cocaine was established at the trial by her testimony and that of Agents Harris and Armon, and, therefore, the jury was informed of illegal activity by Young. Therefore, we find that the jury was sufficiently apprised of Young's questionable trustworthiness and it is unlikely a continuance would have resulted in a different jury verdict. See Hobson v. State, 730 So.2d 20, 25-26(¶ 19) (Miss.1998). Any error in the denial of a continuance was harmless. This issue is without merit.
¶ 11. Fuller also argues that the trial court should have granted a continuance because he discovered after the trial that Young had been charged with crimes in Attala County, indicating that she had been untruthful during voir dire. He posits that, had the court continued the case, he would have discovered Young's Attala County charges and been able to use these charges to impeach Young. Fuller attached copies of court records showing Young's Attala County charges to his motion for a new trial, which was denied by the trial court. In the lower court, Fuller never requested a continuance to search for other charges against Young. Fuller's post-trial presentation of newly discovered evidence to the lower court cannot support his appellate argument that the court should have granted him a continuance before the trial. Rather, the newly discovered evidence was the proper subject of a motion for a new trial. URCCC 10.05. Below, we review the lower court's denial of Fuller's motion for a new trial and find no error. This issue is without merit.

II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO ALLOW EVIDENCE OF THE CRIMINAL BACKGROUND OF THE STATE'S CONFIDENTIAL INFORMANT?
¶ 12. Under this heading, Fuller argues that Young's Pennsylvania charges were admissible under Mississippi Rule of Evidence 609 and the trial court erroneously excluded them. He also argues that the newly discovered evidence that Young had Attala County charges raises a question of whether Young received favorable treatment from Attala County law enforcement in exchange for her testimony against Fuller. We address Fuller's second argument in Issue III, as it rests upon newly discovered evidence and pertains to his motion for a new trial.
¶ 13. We find no error in the trial court's exclusion of Young's Pennsylvania charges pursuant to Rule 609. As previously discussed, the trial court found the charges were inadmissible for impeachment because there was no showing the charges resulted in convictions that would be admissible under Rule 609 and because, even assuming the charges had resulted in convictions, the age and limited probative value of the charges rendered them inadmissible under Rule 609(b). As to the first of the trial court's holdings, one of the basic requirements for admissibility under Rule 609 is that the proffered evidence consist of a criminal conviction. Young v. State, 731 So.2d 1145, 1150(¶ 36) (Miss.1999). The NCIC report showed no convictions, and Young's uncertainty about whether the Pennsylvania charges resulted in convictions did not suffice to prove a conviction. The trial court did not abuse its discretion in finding that Fuller, as the proponent of the evidence, failed to show that Young had any prior convictions that would necessitate Rule 609 admissibility analysis.
*680 ¶ 14. Fuller also challenges the trial court's alternative holding that, assuming Young's charges resulted in convictions, the convictions would be inadmissible under Rule 609(b). The assumed convictions were all over ten years old and thus inadmissible under Rule 609(b) unless the court determined that "in the interests of justice, . . . the probative value of the conviction supported by the specific facts and circumstances substantially outweigh[ed] its prejudicial effect." M.R.E. 609(b); Johnson v. State, 529 So.2d 577, 587 (Miss.1988). Regarding the prejudicial effect of a conviction that is over ten years old, "the rationale underlying subsection (b) is based on fairness. A person's past should not be able to haunt him for the duration of his life." M.R.E. 609(b) cmt. The party offering a conviction for impeachment has the burden to demonstrate, prima facie, the probative value of the prior conviction by showing how the convictions suggests the witness is less than credible. Jones v. State, 702 So.2d 419, 421(¶ 13) (Miss.1997). If the party makes this threshold showing, before the court may admit the conviction, the court must conduct an on-the-record balancing of the five factors enunciated in Peterson v. State, 518 So.2d 632, 637 (Miss.1987) as applied to a witness's conviction in Young v. State:
(1) The impeachment value of the prior crime.
(2) The point in time of the conviction and the witness' subsequent history.
(3) The similarity between the past crime and the charged crime.
(4) The importance of the defendant's testimony.
(5) The centrality of the credibility issue.
Young, 731 So.2d at 1151(¶ 37). See Jones, 702 So.2d at 421(¶ 14).
¶ 15. The trial court found that Fuller had failed to bring anything to the court's attention that would demonstrate that the probative value of the assumed convictions substantially outweighed their prejudicial effect. This ruling was not an abuse of discretion. The age of a conviction greatly lessens its probative value. Id. at 422(¶ 17). Fuller pointed to no reason the assumed convictions should be admitted besides the fact that several of the assumed convictions were for crimes involving dishonesty. The fact that a witness was convicted of a crime involving dishonesty does not automatically compel the admission of the conviction if the conviction is of sufficient age to fall under Rule 609(b). Johnson, 529 So.2d at 587.[1]
¶ 16. Finally, even had the court erred by excluding Young's Pennsylvania charges, Fuller suffered no prejudice; the jury was fully informed of Young's use of crack cocaine. Agents Harris and Armon testified that Young was a known cocaine user, and Young testified that she had used crack cocaine "on and off for the past, like, five to six years." Thus, Young's credibility was impeached by her admitted *681 criminal activity. Hobson, 730 So.2d at 25-26(¶ 19). This issue is without merit.

III. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A NEW TRIAL BECAUSE THE CONVICTION WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 17. Fuller filed a motion for a new trial, arguing that his conviction was against the overwhelming weight of the evidence and that the newly discovered evidence of Young's Attala County charges merited a new trial. He attached copies of Attala County court records showing Young had pled guilty to domestic violence/simple assault on May 16, 2002 and that she was charged with an unspecified felony and bound over to the grand jury on June 10, 1998. The trial court denied Fuller's motion.
¶ 18. Fuller contends that Young's Attala County charges raise a question of whether Young received some favorable treatment from law enforcement in exchange for her testimony. To secure a new trial based upon newly discovered evidence, a petitioner must prove that new evidence was discovered after the trial that could not have been discovered before the trial through the exercise of due diligence. Crawford v. State, 867 So.2d 196, 203-04(¶ 9) (Miss.2003). Also, the petitioner must show the newly discovered evidence would probably produce a different result at a new trial and that the evidence is material and not merely cumulative or impeaching. Id. at 204(¶ 9). While newly discovered impeachment evidence is not usually sufficient grounds for a new trial, a new trial is required when the State has failed to disclose evidence of an agreement for the testimony of a material witness and there is a reasonable likelihood the non-disclosure affected the verdict. Id. at 204 n. 3 (citing Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)).
¶ 19. For a new trial on the ground of a newly discovered plea agreement, the appellant must first present some facts showing that a plea agreement actually existed. Malone v. State, 486 So.2d 367, 369 (Miss.1986). In Malone, the supreme court found an appellant made a sufficient showing by attaching a copied circuit court order revealing that, shortly after Malone's conviction, the State's star witness received a lenient sentence of three years for armed robbery, and the affidavit of co-defendant's attorney stating that the prosecution had an agreement with the witness that she would receive a three year sentence if she testified against Malone. Id. The court remanded for an evidentiary hearing to determine whether a plea bargain with the witness existed prior to Malone's trial. Id. If so, the proper remedy was a new trial. Id.
¶ 20. In the case sub judice, the mere fact that Young had one conviction and one charge in Attala County is inadequate for a prima facie showing that Young exchanged her testimony against Fuller for a favorable disposition of her Attala County charges. Additionally, Fuller could have expressly cross-examined Young about whether she had made any "deals" with the State to secure her testimony. Suan v. State, 511 So.2d 144, 148 (Miss.1987). But, Fuller never did so. Instead, Fuller asked Young about her motivations for acting as a confidential informant and she stated that she did it for the money and to help alleviate the area's drug problem. Fuller was not entitled to a new trial.
¶ 21. Fuller also argues that the verdict was against the overwhelming weight of the evidence. He contends that the existence of Young's Attala County charges demonstrates that Young lied on the witness *682 stand when she said she had never been charged with any other crime in any other state. He also argues that the videotape showing the cocaine sale was of such poor quality that the jury could not have identified Fuller as the seller. He points to the fact that, during deliberations, the jury sent a note requesting to see Fuller walk, to which the judge responded that the jury had heard all of the evidence and had to base its verdict on the evidence already presented.
¶ 22. A motion for a new trial attacking the weight of the evidence is addressed to the trial court's sound discretion. Herring v. State, 691 So.2d 948, 957 (Miss.1997). This Court will only reverse and order a new trial upon a finding that the verdict "is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Id. In making this determination, we review all of the evidence in the light most favorable to the verdict. Id.
¶ 23. We find that credible evidence was presented at the trial from which the jury reasonably could have concluded that Fuller was guilty of sale of cocaine. Agents Harris and Armon testified that they searched Young and her car before and after the sale. They testified that they monitored all of Young's activity through the audio transmitter. Agent Harris identified Fuller's voice as that he heard over the audio transmitter. Young testified as an eyewitness to the cocaine sale and identified Fuller as the person from whom she had bought cocaine. While the videotape was not of superior quality, the conclusion that the person depicted on the tape was Fuller was supported by the testimony of Agent Harris and that of Young identifying Fuller.
¶ 24. Regarding Young's credibility, Young's perjured testimony about her criminal record occurred during voir dire outside the presence of the jury. The only information the jury heard about Young's criminal record was Agent Harris's testimony that he had never done a background check on Young, but that the police had ascertained that there were no outstanding warrants for Young at the time. The jury knew Young was an illegal drug user. The jury was free to judge Young's credibility as it had been developed by the parties and in light of the other evidence that supported Young's description of the cocaine sale. The verdict was not against the overwhelming weight of the evidence and the trial court did not abuse its discretion in denying Fuller's motion for a new trial.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] We observe that Fuller never attempted to examine Young about her past behavior under any other rule of evidence, such as Rule 608(b), which allows impeachment by specific acts of conduct, Rule 607, which allows a party to attack the credibility of a witness, or Rule 611(b), which permits wide-open cross-examination. See Scott v. State, 796 So.2d 959, 961-64 (¶ 6-¶ 17) (Miss.2001) (The court listed the appellant's arguments under several rules of evidence that the lower court should have allowed her to question the State's witness about whether there was a pending indictment against her; the court held that the issue was procedurally barred). As Fuller presented no other admissibility arguments to the trial court, our analysis is limited to the admissibility of Young's charges under Rule 609.