## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2016-KA-01319-COA

TAWANA TERRELL JOHNSON A/K/A                 APPELLANT
TAWANA JOHNSON

v.

STATE OF MISSISSIPPI                               APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/02/2016 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 03/27/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., CARLTON AND WILSON, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1. Tawana Terrell Johnson appeals her conviction for possession of less than one kilogram but more than thirty grams of marijuana with the intent to transfer or sell. Johnson argues that her prior drug convictions were improperly admitted into evidence, the jury's verdict was based on insufficient evidence, and it was contrary to the overwhelming weight of the evidence. We find no error and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. Around 1:00 a.m. on April 26, 2014, Deputy Thomas Brea of the DeSoto County

Sheriff's Department pulled over Johnson's rental car traveling south on I-55 for swerving over the fog line. Brea later identified that he approached the car and "as soon as [he] made contact with [Johnson], [he] could smell the strong odor of marijuana coming from inside the vehicle, and [he] had her exit the vehicle at that time." Once out of the car, Brea questioned Johnson about a bulge under her shirt. Johnson responded that it was money she had earned in Memphis and voluntarily surrendered it upon Brea's request.

¶3.    Brea asked Johnson if there was marijuana in the car, and she answered in the negative. Brea approached the driver's side of the car where he saw more cash and a black digital scale in the cupholder between the front seats. Brea then opened a backpack on the passenger side floorboard. The backpack contained more money, three clear plastic bags containing what was later identified as marijuana, and additional plastic bags buried beneath personal items belonging to Johnson. The contents of just two of the three plastic bags were later analyzed. They contained 69.55 grams of marijuana.

¶4.    After discovering the money totaling $10,672; a digital scale; 69.55 grams of marijuana; and additional plastic bags in the car, Brea walked over to Johnson, who then immediately turned and placed her hands behind her back without being prompted. Brea then handcuffed her and took her into custody.

¶5.    Johnson did not testify at trial. However, over her objection, the trial court allowed the State to introduce evidence of Johnson's 2008 convictions for possession of marijuana and hydrocodone with intent to sell. The jury was instructed on the crime of possession with intent and the lesser-included crime of simple possession. The jury found Johnson guilty of

possession with intent to transfer or sell less than one kilogram but more than thirty grams of marijuana.

¶6. The trial court sentenced Johnson as a nonviolent habitual offender and a subsequent-drug offender to ten years in the custody of the Mississippi Department of Corrections.

ANALYSIS

> I. *Whether the trial court erred when it allowed the State to introduce evidence of Johnson's prior drug convictions.*

¶7. Johnson argues that the trial court erred in admitting her prior drug-sale convictions into evidence. "We review the trial court's admission of evidence for an abuse of discretion." *Campbell v. State*, 118 So. 3d 598, 602 (¶10) (Miss. Ct. App. 2012) (citation omitted). "We will not reverse the trial court's evidentiary ruling unless the error adversely affects a substantial right of a party." *Mingo v. State*, 944 So. 2d 18, 28 (¶27) (Miss. 2006) (citing *Parks v. State*, 884 So. 2d 738, 742 (¶9) (Miss. 2004)); *see also* M.R.E. 103(a).

¶8. Mississippi Rule of Evidence 404(b), which governs the admissibility of prior crimes, states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, *intent*, preparation, plan, knowledge, identity, or absence of mistake or accident.

(Emphasis added). This Court has held that Rule 404(b) prevents the State from doing just what Johnson alleges: "raising the inference that the accused has committed other crimes and is therefore likely to be guilty of the offense charged." *Smith v. State*, 90 So. 3d 122, 129 (¶22) (Miss. Ct. App. 2012) (quoting *White v. State*, 842 So. 2d 565, 573 (¶24) (Miss. 2003)).

¶9. To be admissible under Rule 404(b), "(1) the evidence must 'be relevant to prove a material issue other than the defendant's character,' and (2) 'the probative value of the evidence must outweigh the prejudicial effect.'" *Smith*, 90 So. 3d at 129 (¶23) (quoting *Davis v. State*, 40 So. 3d 525, 530 (¶16) (Miss. 2010)). "This second prong implicates Mississippi Rule of Evidence 403—'the ultimate filter through which all otherwise admissible evidence must pass.'" *Id.* (quoting *Davis*, 40 So. 3d at 530 (¶16)). The Mississippi Supreme Court has determined that evidence of prior drug sales is admissible through Rule 404(b) to prove intent to transfer or sell as long as it passes the Rule 403 balancing test and it is accompanied by a limiting instruction. *Smith v. State*, 839 So. 2d 489, 494 (¶7) (Miss. 2003).

¶10. Further, "criminal intent may be shown by surrounding circumstances." *Campbell*, 118 So. 3d at 604 (¶18). In *Floyd v. State*, 155 So. 3d 883, 888 (¶12) (Miss. Ct. App. 2014), and *McDonald v. State*, 130 So. 3d 102, 111 (¶28) (Miss. Ct. App. 2013), evidence of the defendant's prior convictions was admissible to show or prove intent to transfer or sell.

¶11. The record reflects that intent to sell was a key issue before the jury. Johnson alleges her past drug convictions were inadmissible under Rules 403 and 404 and should not have been allowed in to show intent. She argues that the prior drug crimes were too remote in time and too unrelated and unconnected to the transaction giving rise to the instant charge. She alleges that once evidence of the past crimes was allowed in, they were only relevant to or probative of her intent through the propensity inference that is expressly prohibited by Rule 404(b).

4

¶12. Despite Johnson's objection, the trial court allowed Johnson's prior convictions into evidence because they were not "offered to show that she acted in conformity therewith," but offered to show that she had the intent to transfer or sell these drugs. The trial court also conducted a Rule 403 balancing test and found that the prior convictions met Rule 403 muster because "the substantive value of this evidence substantially outweigh[ed] any prejudicial effect[.]" The circuit court gave the jury a limiting instruction stating that the jury could only use the evidence of the prior convictions to show the intent element, and not to show that she acted in conformity therewith.

¶13. We find that Johnson's prior drug convictions were properly admitted into evidence to show Johnson's intent to sell. And it was within the trial court's discretion to find that evidence was not overly prejudicial compared to its probative value. Likewise, we find that intent is an essential element of the present charge, and as a result, the evidence of intent was properly admitted under Rule 404(b). Therefore, this Court cannot conclude that the trial court abused its discretion in admitting Johnson's prior drug convictions into evidence. This issue is without merit.

II. *Whether the jury's verdict was supported by legally sufficient evidence.*

¶14. Johnson next argues that "[t]he evidence was insufficient to prove beyond a reasonable doubt that [she] intended to distribute, sell[,] or transfer the marijuana." Therefore, Johnson argues that the evidence was insufficient to support her conviction of possession with intent to transfer or sell. She requests that this Court remand for re-sentencing for the lesser-included offense of simple possession.

5

¶15. In considering whether the evidence is sufficient to sustain a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Williams v. State*, 35 So. 3d 480, 485 (¶16) (Miss. 2010) (citations omitted). Where the facts and inferences "point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty," the proper remedy is to reverse and render. *Id*. However, if "reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed to have been sufficient." *Id*.

¶16. It is clear that Johnson was in possession of the drugs. There is a "presumption of constructive possession . . . against the owner of premises upon which contraband is found." *Hamm v. State*, 735 So. 2d 1025, 1029 (¶13) (Miss. 1999). This principle extends to the owner of a vehicle. *Wall v. State*, 718 So. 2d 1107, 1111 (¶13) (Miss. 1998). Since constructive possession may be shown by establishing dominion or control, and Johnson was in control of the car at the time of the seizure, Johnson was in constructive possession of the marijuana. *See Curry v. State*, 249 So. 2d 414, 416 (Miss. 1971). With both the simple possession instruction and possession-with-intent instruction in mind, it was reasonable for the jury to find that Johnson was guilty of possession.

¶17. The law is also clear on the issue of intent to sell or transfer. The supreme court has stated that such intent may be established by circumstantial evidence. *Hollingsworth v. State*,

6

392 So. 2d 515, 517 (Miss. 1981). "Indeed, a jury may reasonably conclude that a defendant intended to unlawfully transfer a controlled substance[] if the quantity or nature of the seized substance evidences an intent to transfer[—]as opposed to an intent to merely possess for personal use." *Taylor v. State*, 656 So. 2d 104, 108 (Miss. 1995).

¶18. The supreme court has been hesitant to find sufficient evidence of intent based solely on the quantity of contraband. *Miller v. State*, 634 So. 2d 127, 129 (Miss. 1994). In *Edwards v. State*, 615 So. 2d 590, 595 (Miss. 1993) the supreme court stated, "[q]uantity, standing alone, might be insufficient to demonstrate an intent to distribute beyond a reasonable doubt." As the court stated in *Stringfield v. State*, 588 So. 2d 438, 440 (Miss. 1991):

> [P]roof of possession with an intent to distribute or sell should not be based solely upon surmise or suspicion. There must be evidentiary facts [that] will rationally produce in the minds of jurors a certainty, a conviction beyond reasonable doubt that the defendant did in actual fact intend to distribute or sell the [drugs], not that he might have such intent. It must be evidence in which a reasonable jury can sink its teeth.

¶19. When considering the evidence in the light most favorable to the prosecution, we find there was sufficient evidence to convict Johnson of possession with intent to transfer or sell. It is the function of the jury to weigh the evidence and to determine the credibility of the witnesses. *Benson v. State*, 551 So. 2d 188, 193 (Miss. 1988). The jury was presented with more evidence than just the mere quantity of the drugs. Johnson was clearly in possession of at least 69.55 grams of marijuana, a digital scale, more than $10,000 in cash, and a number of empty plastic bags. These items were found in a backpack on the floorboard of a car in Johnson's control. The backpack also contained other personal items of Johnson's.

¶20. Considering the evidence in the light most favorable to the prosecution, there was

7

sufficient evidence to find Johnson possessed the requisite intent to sell or transfer the marijuana she had. Thus, this issue is without merit.

> III. *Whether the jury's verdict was against the overwhelming weight of the evidence.*

¶21. Finally, Johnson argues the verdict was against the overwhelming weight of the evidence. She responds that she is entitled to a new trial. When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, only if the verdict "is so contrary to the overwhelming weight of the evidence [that to allow] it to stand would sanction an unconscionable injustice," will this Court reverse and order a new trial. *Fuller v. State*, 910 So. 2d 674, 682 (¶22) (Miss. Ct. App. 2005). However, "the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." *Amiker v. Drugs For Less Inc.*, 796 So. 2d 942, 947 (¶18) (Miss. 2000) (citation omitted). In addition, "we review all of the evidence in the light most favorable to the verdict." *Fuller*, 910 So. 2d at 682 (¶22).

¶22. "[The supreme court has] held in numerous cases that the jury is the sole judge of the credibility of the witnesses and the weight to be attached to their testimony." *Maiben v. State*, 405 So. 2d 87, 88 (Miss. 1981). Without repeating the facts previously stated, the jury analyzed all the evidence and heard all of the testimony from the witnesses called by the State. Johnson did not testify or call any witnesses. The jury determined that Johnson was guilty of possession with the intent to distribute. When polled, the jury's verdict was unanimous. The jury had the opportunity to weigh the evidence presented and the credibility of the State's witnesses. The jury declined to find Johnson guilty of the lesser-included

8

charge of simple possession. In viewing the evidence in the light most favorable to the verdict, we cannot say that an unconscionable injustice resulted from the jury's verdict. This issue is without merit.

¶23. **AFFIRMED.**

**LEE, C.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**